# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MICHAEL PETERSON,

        Plaintiff,         Case No. 10-12563
                                                  Hon. Bernard A. Friedman

v.

TOYOTA MOTOR SALES U.S.A., INC.,

        Defendant.

_____/

## **OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

**I.    Introduction**

This matter is before the Court on Plaintiff's Motion to Remand. Defendant filed a response, and Plaintiff filed a reply. The Court has had an opportunity to thoroughly examine the motions and briefs. Pursuant to E.D. Mich. LR 7.1(e)(2), the Court shall decide this matter without oral argument. For the reasons that follow, the Court will grant Plaintiff's motion.

Plaintiff's complaint was filed in the Oakland County Circuit Court on May 24, 2010. Plaintiff's complaint asserts claims pursuant to the Magnuson-Moss Warranty Act ("MMWA"), 15 U.A.C. §2301, *et seq.*, and the Michigan Consumer Protection Act ("MCPA"), MCL 445.901, *et seq.* On June 29, 2010, Defendant filed a Notice of Removal with this Court. As grounds for removal, Defendant stated that the Court has jurisdiction based on the MMWA being a federal law, and on diversity of jurisdiction.

In order to invoke removal on either ground, Defendant must prove that Plaintiff's claims satisfy an amount in controversy requirement. The amount in controversy requirement is $50,000 under the MMWA and $75,000 for diversity jurisdiction

## II.     Analysis

Defendant attempts to show that the Court has subject matter jurisdiction over this case based on either 1) federal question jurisdiction or 2) diversity jurisdiction.

### A.     Federal Question Jurisdiction

Federal question jurisdiction exists if the plaintiff asserts a claim that arises under the Constitution, treaties or laws of the United States. 28 U.S.C. § 1441. A federal question exists if there appears on the face of the complaint some substantial, disputed question of federal law. Franchise Tax Bd. V. Constr. Laborers Vacation Trust, 463 U.S. 1, 12 (1983).

Plaintiff's federal claim is plead under the MMWA. Under the MMWA, in order to confer federal jurisdiction, Plaintiff must plead a violation of the act and the amount in controversy regarding the MMWA claim must be at least $50,000. 15 U.S.C. §2310(d)(3)(B).

Defendant bears the burden of proof that this case meets the jurisdictional requirements for removal. Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 757 (6th Cir. 2000). Removal statutes are to be strictly construed, and all doubts are to be resolved in favor of remand. Eastman v. Marine Mech. Corp., 438 F.3d 544, 549 (6th Cir. 2006). Defendant must show by a preponderance of the evidence that the amount in controversy requirement is met. Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 672 (6th Cir. 2001). If Plaintiff seeks to recover an unspecified amount that is not obviously greater than or less than the federal amount in controversy requirement, the removing party must provide relevant facts in support of its removal petition. Conclusory statements alone do not establish the amount in controversy. Garza v. Betcher Indus., Inc., 752 F.Supp. 753, 763-764 (E.D.Mich.1990).

Here, in order to establish jurisdiction pursuant to the MMWA, Defendant must establish that it is "more likely than not" that Plaintiff could recover in excess of $50,000. Id. The notice

of removal must set forth specific facts to support its assertion that Plaintiff's claims meet the jurisdictional threshold.

> [C]ourts will not consider mere conclusions without factual support when considering [a removing defendant's attempt to show that the] amount in controversy requirement is satisfied. See *Garza v. Bettcher Indus., Inc.*, 752 F.Supp. 753, 763 (E.D.Mich.1990) (holding that the "Defendant must allege facts sufficient to establish that the Plaintiff would more likely than not recover more than the jurisdictional amount, assuming the failure of all the Defendant's affirmative defenses") .... Relevant facts include specific information about the plaintiff's injury (which in this case would require information regarding her salary) and the size of judgments received by other plaintiffs with similar claims.

Varga v. Heartland Hospice Servs., Inc., 2007 WL 2493762 *8 (E.D.Mich. Aug. 27, 2007)

Plaintiff contends that Defendant has failed to establish beyond "mere speculation" that the amount in controversy exceeds $50,000. In order to firmly establish the a meeting of the jurisdictional amount in controversy, Defendant must provide the Court with relevant facts "sufficient to establish that the plaintiff would more likely than not recover more than the jurisdictional amount, assuming the failure of all the Defendant's affirmative defenses." Garza, 752 F.Supp. at 763. Defendant's removal petition does not include specific information about Plaintiff's injury and the size of judgments received by other plaintiffs with similar claims. Defendant merely alleges that the vehicle's purchase price, coupled with Plaintiff's seeking of "unspecified" incidental and consequential damages, will bring the case above the $50,000 threshold.

As the price of the vehicle, including finance charges, was $36,560.80, Defendant's blanket statement assumes that incidental and consequential damages and attorney fees will amount to over $13,000. However, such conclusion is purely speculative, as Defendant has not provided the Court with any evidence regarding what incidental and consequential damages have amounted to in similar cases. In addition, the Sixth Circuit has ruled that for a MMWA claim,

finance charges should not be considered in calculating the amount in controversy, thus reducing the subject vehicle's $36,560.80 price tag to a $28,000 vehicle value, and increasing the speculative amount of incidental and consequential damages that would need to result from Plaintiff's claim in order to satisfy the amount in controversy requirement. Golden v. Gorno Bros, Inc., 410 F.3d 879, 885 (6th Cir. 2005). Further, the *Golden* Court held that the total amount in controversy in a MMWA claim is the difference between the value of the allegedly defective vehicle and the price of a replacement vehicle, less the value of any use Plaintiff obtained from the vehicle, further increasing the speculative amount of incidental and consequential damages that would need to result from Plaintiff's claim in order to satisfy the amount in controversy requirement.

Defendant further attempts to demonstrate a meeting of the amount in controversy requirement by asserting that "upon information and belief" Plaintiff's attorney fees are valued at $14,000. However, Defendant does not provide any explanation of how it arrived at such conclusion and, further, such conclusion is purely speculative, and is not sufficient to satisfy the amount in controversy requirement.

Accordingly, the Court finds that subject matter jurisdiction based on Plaintiff's MMWA claim is not established, and the Court cannot accept jurisdiction over such claim.

### B.    Diversity Jurisdiction

Defendant further attempts to establish federal jurisdiction by invoking diversity jurisdiction. Diversity of citizenship exists when there is complete diversity such that no plaintiff is a citizen of the same state as any defendant. 28 U.S.C. § 1332. In addition, there is an amount in controversy prerequisite at $75,000. Id..

In support of its attempt to establish diversity jurisdiction, Defendant argues that the

amount in controversy requirement is fulfilled when the MMWA and MCPA claims are aggregated together. In response, Plaintiff argues first that the two claims are plead as alternative claims, with the MCPA claim serving as a derivative claim advanced as an alternative theory and basis for recovery. In addition, Plaintiff states, even if the claims were to be aggregated, the dollar value of the MCPA claim, as with the MMWA claim, is too speculative to confer federal jurisdiction. Defendant has neglected to demonstrate, through evidence of other similar claims, what sort of monetary recovery would be typical for Plaintiff's claim. As with the MMWA claim, the Court finds that Defendant's conclusory statements alone do not establish the amount in controversy. Garza v. Betcher Indus., Inc., 752 F.Supp. 753, 763-764 (E.D.Mich.1990).

### III. Order

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Remand is GRANTED.


Dated: September 27, 2010            s/Bernard A. Friedman_____
      Detroit, Michigan            BERNARD A. FRIEDMAN
                                                UNITED STATES DISTRICT JUDGE